UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William A. Westberry,

Plaintiff,

v.

Charter Communications, Inc.,

Defendant.

Civ. File No. 01-1990 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff William Westberry brought this lawsuit in October 2001 against his employer, Defendant Charter Communications, Inc. ("Charter"). Westberry alleges that he was sexually harassed by his supervisor, and that he was denied a promotion because of his race. Westberry is black. His claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Minnesota Human Rights Act, Minn. Stat. § 363 et seq. ("MHRA"). He originally brought his claims in state court, but Charter invoked federal diversity jurisdiction and removed the case to this Court.

Before filing this lawsuit, Westberry brought a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On March 5, 2001, the EEOC

FILED JAN 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JAN 24 2002
DEPUTY CLERK

dismissed Westberry's charge and notified him of his right to sue within 90 days of receipt of the notice. Instead of filing suit, however, Westberry sought review with the Minnesota Department of Human Rights ("MDHR"). The MDHR also dismissed Westberry's charges and on August 20, 2001, informed Westberry that he could file suit within 45 days of receipt of the notice. Westberry appears to concede that he received the MDHR notice on August 21, 2001, giving him until October 5, 2001, to file suit. As Charter points out, in state court, lawsuits are commenced upon service of the summons and complaint. Minn. R. Civ. P. 3.01. Here, Westberry did not serve the summons and complaint until October 11, 2001. Thus, Charter contends that Westberry's claims are time-barred. Charter also asserts that Westberry has never effected proper service on Charter, because Westberry has failed to serve Charter's registered service agent in Minnesota, Templeton & Associates, as required by Minnesota law.

**DISCUSSION**

For the purposes of the Motion to Dismiss, the Court takes all facts alleged in the Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Westberry. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Westberry opposes the Motion to Dismiss by insisting that he was discriminated against. He offers statements of co-workers to support his claims that the work environment was sexually charged and that he did not receive the promotion he sought because of his race. These arguments, however, are not germane to the issue before the Court, namely whether Westberry's lawsuit was filed within the time period permitted by Title VII and the MHRA. Westberry does not respond to this argument at all.

The Court must give considerable leeway to the pleadings of pro se litigants. However, such litigants must comply with the law, and in this case the law could not be more clear. Westberry was required to effect proper service on Charter on or before October 5, 2001. Even assuming that Westberry did not receive the MDHR notice until the last possible day of such receipt, he was required to serve his papers on Charter by October 9, 2001. He did not serve the summons and complaint until October 11, 2001. He does not allege that extenuating circumstances prevented him from timely serving his papers. Indeed, he offers no excuse whatsoever for his failure to timely serve the summons and complaint. Nor does he offer a reason why he has not effected proper service on Charter, even after discovering that the original service was improper. Faced with these undisputed facts, the Court must dismiss Westberry's Complaint as time-barred.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Clerk Doc. No. 2) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 24, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.